**Osman BARRIE, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 06–4767–ag.

United States Court of Appeals, Second Circuit.

July 2, 2007.

Thomas V. Massucci, New York, New York, for Petitioner.

Reginald I. Lloyd, United States Attorney, District of South Carolina, Columbia, South Carolina, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. CHESTER J. STRAUB, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Osman Barrie, a native and citizen of Sierra Leone, seeks review of a September 29, 2006, order of the BIA affirming the November 1, 2004, decision of Immigration Judge ("IJ") Douglas B. Schoppert denying Barrie's applications for asylum, withholding of removal, and relief under the CAT. *In re Osman Barrie*, No. A79 328 605 (B.I.A. Sept. 29, 2006), *aff'g* No. A79 328 605 (Immig. Ct. N.Y. City Nov. 1, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the

agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

The IJ properly determined that Barrie was not credible based on the following inconsistencies in the record: (1) Barrie's asylum application asserted that his father "died a few days after his release of wounds that he sustained from detention," but he testified that his father died while in detention; (2) Barrie's asylum application indicates that he "was not involved with any political party," but he testified that he supported the SLPP by attending meetings at his home and distributing fliers for the party; (3) Barrie's testimony indicating his support of the SLPP was inconsistent with the Assessment to Refer and the asylum interview notes, which indicate that he did not know what the initials "SLPP" stood for because he had no political activities.

Even if the IJ's adverse credibility finding was flawed in certain respects, remand would be futile in this case because the cumulative effect of the other inconsistencies identified by the IJ provides substantial evidence for his adverse credibility finding. *See, e.g., Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir.2006). Accordingly, we can confidently predict that the agency would reach the same decision absent the erroneous reasoning. *See Xiao Ji Chen v. U.S.D.O.J.*, 471 F.3d 315, 338–39 (2d Cir. 2006).

Barrie did not offer an independent basis for his fear of persecution upon return to Sierra Leone apart from his claim for asylum. Because he was unable to show the objective likelihood of persecution needed to make out his asylum claim, he was necessarily unable to meet the higher standard required to succeed on his claims for withholding of removal and relief under CAT. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Gomez v. INS*, 947 F.2d 660, 665 (2d Cir.1991).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.